Holley Office, School Supply & Printing Co. v. Commissioner.
Holley Office v. Commissioner
Docket No. 20371.
United States Tax Court
1950 Tax Ct. Memo LEXIS 167; 9 T.C.M. (CCH) 528; T.C.M. (RIA) 50153; June 27, 1950
*167 Upon incorporation in 1942 petitioner adopted the reserve method of accounting for its bad debts. Prior to the taxable year 1945 it had accumulated in its bad debt reserve an amount which respondent deemed adequate. In the exercise of his statutory discretion, conferred upon him by section 23(k) of the Internal Revenue Code, respondent disallowed any addition to this reserve for the taxable year. Held, petitioner has failed to establish that, in disallowing any addition to the reserve, respondent abused the discretion vested in him by the statute. Allen Whitfield, Esq., 616 Insurance Exchange Bldg., Des Moines, Ia., for the petitioner. Marvin E. Hagan, Esq., for the respondent. ARNOLD
Memorandum Opinion ARNOLD, Judge: This proceeding involves an income tax deficiency *168 for 1945 in the amount of $392.44. The issue is whether respondent correctly disallowed the deduction of $1,665.34 as an addition to petitioner's bad debt reserve for the year 1945. Other adjustments made by the respondent are uncontested. The proceeding was submitted on a stipulation of facts, the material parts of which are as follows: "The petitioner is an Iowa corporation, having its principal place of business at 100 East Grand Avenue, Des Moines, Iowa. It filed its income tax return for the calendar year ended December 31, 1945, with the Collector of Internal Revenue for the District of Iowa, at Des Moines, Iowa. Petitioner's books are kept on the accrual method and it elected on its first return to use the reserve method in providing for its bad debts. "For a number of years prior to 1942, a partnership known as L. W. Holley & Sons Co. was engaged in the business of selling office and school supplies, the owners being C. C. Holley and Mabel A. Holley. In 1941 petitioner was incorporated and on or about May 29, 1942, it acquired all the assets and liabilities of the partnership L. W. Holley & Sons Co. C. C. Holley and Mabel A. Holley owned all of the voting stock of petitioner *169 both before and after the acquisition of the assets of the partnership. The nature of the business conducted by petitioner has been the same as that conducted by the partnership. Most of the credit sales were made on a 30-day account basis. "When petitioner corporation began business in 1942, it adopted the reserve method of providing for bad debts. The balance in the reserve account at January 1, 1945, amounted to $2,589.40. "Petitioner and its predecessor had receivables, credit sales, bad debts charged to the reserve, bad debts recovered, and additions to its reserve as shown in the schedule below. Receivables
Bad Debts
Year
Credit
End of
Charged to
Bad Debts
Addition to
Ended
Sales
Period
Reserve
Recovered
Reserve
12/31/33
$160,111.69
$38,351.79
$ 2,334.68
12/31/34
233,710.02
42,999.78
8,725.34
12/31/35
284,499.14
49,727.81
7,017.66
12/31/36
309,553.49
55,976.04
5,439.28
12/31/37
364,494.55
52,901.91
5,600.66
12/31/38
373,587.50
66,545.96
5,013.81
12/31/39
421,357.40
92,707.98
2,917.35
12/31/40
401,398.51
82,124.14
2,968.80
$ 110.19
12/31/41
392,316.81
65,933.18
2,295.12
316.52
$1,981.15
12/31/42
322,696.04
29,889.22
1,409.27
250.33
1,690.64
12/31/43
265,675.53
28,680.35
217.69
307.37
1,428.21
12/31/44
308,349.70
32,790.78
314.00
23.86
1,644.50
12/31/45
318,297.15
35,778.61
187.46
4.19
1,665.34
$4,156,047.53
$674,407.55
$44,441.12
$1,012.46
$8,409.84
*170 "The Commissioner disallowed a deduction of $1,665.34 as an addition to petitioner's reserve for bad debts for the calendar year ending December 31, 1945." The balance in petitioner's reserve for bad debts on December 31, 1945 in the amount of $2,401.94 was an adequate reserve for bad debts and petitioner is not entitled to add any amount thereto for the taxable year 1945. Section 23 (k) of the Internal Revenue Code[1] provides in part as follows: "In computing net income there shall be allowed as deductions: * * * (k) Bad Debts - (1) General Rule. - Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; * * *." This provision of the Code has been interpreted by respondent's regulation as follows: "Reg. 111, Sec. 29.23(k)-5. Reserve for bad debts. - Taxpayers who have established the reserve method of treating bad debts and maintained proper reserve accounts for bad debts, or who, in accordance with section 29.23(k)-1, adopt the reserve method of treating bad debts, may deduct from gross *171 income a reasonable addition to a reserve for bad debts in lieu of a deduction for specific bad debt items. "What constitutes a reasonable addition to a reserve for bad debts must be determined in the light of the facts, and will vary as between classes of business and with conditions of business prosperity. It will depend primarily upon the total amount of debts outstanding as of the close of the taxable year, those arising currently as well as those arising in prior taxable years, and the total amount of the existing reserve. In case subsequent realizations upon outstanding debts prove to be more or less than estimated at the time of the creation of the existing reserve, the amount of the excess or inadequacy in the existing reserve should be reflected in the determination of the reasonable addition necessary in the taxable year. A taxpayer using the reserve method should make a statement in his return showing the volume of his charge sales (or other business transactions) for the year and the percentage of the reserve to such amount, the total amount of notes and accounts receivable at the beginning and close of the taxable year, and the amount of the debts which have become wholly *172 or partially worthless and have been charged against the reserve account." It is clear from the statute that a taxpayer, such as the petitioner, had an election to deduct either debts which became worthless within the taxable year or, in the discretion of the Commissioner, to deduct a reasonable addition to a reserve for bad debts. This petitioner elected at its incorporation to deduct its bad debts by way of a reasonable addition to a reserve therefor. The facts show that for the taxable year it considered $1,665.34 to be a reasonable addition to its reserve in the light of all the facts and circumstances under which it was then operating. The allowance of this deduction, as the statute plainly states, is a discretionary matter with the respondent. Here the respondent has determined in the exercise of his discretion that the petitioner's reserve for bad debts in January 1, 1945 was ample for its needs and that petitioner was not entitled to any addition to its reserve for bad debts. The burden which petitioner must assume, in view of respondent's exercise of his statutory discretion, is greater than the usual burden which faces a taxpayer who seeks to overcome the presumption *173 of correctness that attaches to respondent's determination of a deficiency. Maverick-Clarke Litho Co. v. Commissioner, 180 Fed. (2d) 587, (CA-5, March 11, 1950), affirming 11 T.C. 1087. The stipulated facts show that during the calendar years 1943 to 1945, inclusive, the bad debts charged to petitioner's reserve were nominal in amount and that in the calendar year 1943 its bad debt recoveries exceeded the amount of bad debts charged to its reserve. The facts show further that during these years petitioner's addition to its reserve for bad debts far exceeded charges against the reserve, and that petitioner was accumulating thereby a balance in the reserve account for use against future bad debts. It is stipulated that on January 1, 1945 the balance in this reserve account amounted to $2,589.40 and that the bad debts charged to the reserve during the taxable year were only $187.46, which left a balance in the account at December 31, 1945 of $2,401.94. We agree with the respondent that in the light of these facts it is unnecessary to increase the amount of taxpayer's reserve for bad debts by a further addition thereto of $1,655.34. Decision will be entered *174 for the respondent. Footnotes
1. Section 23 (k)↩, as amended by section 113, Revenue Act of 1943.